## WELSH v. CHURCH.

No. 7458—Opinion Filed July 2ö, 1916.

On Rehearing, Nov. 21, 1916.

(160 Pac. 922.)

**Landlord and Tenant—Rents—Actions—Evidence.**

Evidence in this case examined, and it is held that it is insufficient to justify a recovery in behalf of the plaintiff in error, and the judgment of the lower court, denying the same, was proper.

(Syllabus by Hooker, C.)

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by A. J. Welsh against W. W. Church. Judgment for defendant, and plaintiff brings error. Affirmed.

A. J. Welsh, per se.

Chas. T. Randolph, for defendant in error.

Opinion by HOOKER, C. In March, 1904, the then owners of lot 1 in block 31 in Clinton, Okla., leased a part of the same to the Schlitz Brewing Company for a period of ten years for the purpose of erecting improvements thereon, to be used by the company for storage purposes, and under the contract made between them and the company the improvements were to be personal property, and removable from the real estate at the expiration of the lease. These improvements were erected and used by the company for the purpose for which they were intended until the advent of statehood, when the change in the law rendered the use of said improvements impossible. Some years after statehood the owners of the fee sold the real estate to one Thompson, who in the spring of 1911 sold the same to Church by deed of date, May 15, 1911, and which deed excepted the icehouse then situated on the lot. The evidence here clearly establishes that Church at the time he purchased this property had actual knowledge of the rights of the company to the improvements, for on April 12, 1912, he wrote to the company, informing it that he had purchased the ground upon which these improvements were erected, and referred to an old icehouse thereon, belonging to it, and offered to rent the same at $5 per month. It further appears that in December, 1913, the company sold the house to the plaintiff in error, A. J. Welsh, and that Welsh demanded possession thereof from the defendant in error Church, but possession was refused, and it further appears that thereupon Welsh demanded of the company a return of his money, but the company refused to repay the same to him, and after some parleying between the company and Welsh it was agreed that in order to compensate Welsh for the trouble and expense that would accrue to him in obtaining the possession of this house from Church, the company would and did assign to him a claim for rent against Church from May, 1912, to December, 1913, and thereupon Welsh instituted this suit to recover rent at the rate of $5 per month.

It appears that the company and the defendant in error never consummated any contract with reference to the rent of this property at the time the defendant in error wrote the company on April 12, 1912, and that the company at no time demanded any rent from the defendant in error, nor ever offered to pay any rent upon the ground on which said building was located, nor exercised any acts of ownership over the building in question until it sold the same to the plaintiff in error in December, 1913.

The plaintiff in error instituted suit in the court below for the rent alleged to be due by the defendant in error for the use and occupancy of this property from May, 1912, to February 4, 1914, and in the petition it is claimed by the plaintiff in error that the defendant in error agreed to pay the Schlitz Brewing Company, as the owner of said property, rent at the rate of $5 per month therefor, and that under the contract and agreement between the Schlitz Brewing Company and the defendant in error there was due and owing the sum of $98.83, as rent on said property from May, 1912, up to December 23, 1913. for which said action was instituted.

It will be borne in mind that the cause of action is based upon an express promise but the proof introduced on behalf of the

plaintiff in error in the court below does not sustain any express promise upon the part of said defendant in error to pay rent at the rate of $5 per month, or any other sum for the use of said property, and we must therefore hold that, there being no evidence to support the allegation of the pleading, the judgment of the lower court, denying the right of the plaintiff to recover, must be upheld.

As to that part of the cause of action sued for herein, accruing after December 23, 1913, the plaintiff in error is not entitled to recover, for the reason that under the lease the same cannot be assigned unless the consent of the lessor, in writing, be first obtained and under the evidence here it does not appear that this provision of the lease was complied with; and, the assignment being in violation thereof, plaintiff in error is not entitled to recover thereunder.

The judgment is affirmed.

By the Court: It is so ordered.

On Rehearing.

PER CURIAM. Upon examining the record upon rehearing, the court is convinced that the judgment of the court below is correct, and was properly affirmed.

There is no merit in the contention that the case is governed by section 3802, Rev. Laws 1910, which provides:

"The occupant of any land, without special contract, shall be liable for the rent to any person entitled thereto."

The building for which the plaintiff claims rent is not "land," but personal property, and was so treated by all the parties. In these circumstances, we find no support for the assertion that the defendant was an "occupant of any land" belonging to the plaintiff, or his assignee, within the meaning of the statute.

The petition for rehearing is denied.